After a jury trial in the Superior Court, the defendant, Leonard Ward, was convicted of armed robbery; assault and battery by means of a dangerous weapon causing serious bodily injury; assault and battery by means of a dangerous weapon;[2] and two counts of assault and battery. In this appeal he argues that the judge erred by denying his motion for a required finding of not guilty on the charges of armed robbery and by allowing refreshed memory testimony of a Commonwealth witness. We affirm.
1. Facts. We summarize the facts the jury could have found in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), reserving certain facts for our discussion of specific issues. On March 2, 2015, Anthony DeCosta made arrangements to buy $150 of the illegal drug, Molly,[3] from Ephraim Hunter. DeCosta believed he had $600 or $650 with him when he went to buy the drugs from Hunter. Hunter agreed to meet DeCosta in an apartment complex parking lot in Millis. Hunter arrived at the predetermined location for the drug transaction accompanied by Ward and a third codefendant, Xavier Frederick in a van driven by Devin Connolly.[4] Upon arrival at the parking lot, Ward and Frederick left the van and stood near a dumpster. Shortly thereafter, DeCosta arrived accompanied by two friends, Melissa Shultz and Christine Taylor. DeCosta left his friend's car and entered the van. Ward and Frederick then ran toward the van, opened the doors on both sides of the van and entered. All three defendants got on top of the victim and beat him. Taylor went over to the van to ask "what was going on" and made observations of DeCosta being attacked. Ward was seen punching DeCosta. Frederick was seen striking DeCosta in the head with a "shiny object." The object was shaped like a crowbar or hammer. Statements about stabbing the victim were heard coming from the van. The defendant was heard by Taylor to say "stab him, stab him, kill him, kill him." Connolly heard more than one of the defendants saying something like "where's the money" or "I can't find the money." DeCosta was able to escape from the van and was unconscious when the police arrived. When the police first observed DeCosta he was not wearing pants or shoes. A hammer, khaki pants, a black shoe and snow brushes were located in the van. At the time of his arrest, Hunter had $583 on his person.
2. Discussion. a. Sufficiency of the evidence. The defendant contends that the evidence was insufficient to prove he knowingly participated in the armed robbery or that he shared the requisite intent to steal money from DeCosta with the codefendants. We disagree.
To support a finding of guilt of armed robbery requires proof that the defendant (or an accomplice), while armed with a dangerous weapon, assaulted the victim and took money or property from the victim with the intent or shared intent to steal it. Commonwealth v. Williams, 475 Mass. 705, 710 (2016). We review the defendant's claim to determine whether the evidence, when viewed in the light most favorable to the Commonwealth, was "sufficient to permit a rational juror to conclude beyond a reasonable doubt that the defendant knowingly participated in the [armed robbery], with the intent [to steal]." Commonwealth v. Zanetti, 454 Mass. 449, 468 (2009). See Commonwealth v. Latimore, 378 Mass. at 677. "The evidence need not be direct; circumstantial evidence and inferences drawn therefrom may be sufficient. Commonwealth v. Linton, 456 Mass. 534, 544 (2010), quoting from Commonwealth v. Lao, 443 Mass. 770, 773 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011). These inferences 'need only be reasonable and possible and need not be necessary or inescapable.' Linton, supra, quoting Lao, supra." Commonwealth v. Fernandes, 478 Mass. 725, 738-739 (2018).
Here, we are persuaded that the evidence was sufficient to support the conviction of armed robbery. The defendant's actions and statements provided evidence that he knowingly participated in the crime with the requisite intent.
When he arrived at the prearranged location, the defendant was aware that DeCosta was coming with money to purchase drugs. Frederick and the defendant left the van together and went beside a dumpster nearby. Once DeCosta arrived and entered the van, Frederick and the defendant ran into the van and all three defendants attacked DeCosta. Frederick was seen striking DeCosta with a shiny object. See Commonwealth v. Rakes, 478 Mass. 22, 33 (2017) (jury can infer that defendant knew his or her coventurer to be armed in cases where victim's resistance can reasonably be anticipated, as defendant is presumed to recognize need for means by which to overcome that resistance). Even if the defendant had been unaware that one of the other defendants intended to use a weapon in advance, it would be reasonable to conclude that he became aware of the use of a weapon over the course of the robbery and continued to participate. His knowledge of the weapon and continued participation are sufficient to implicate him in the joint venture. Commonwealth v. Williams, supra at 711. Further the statements heard by the witnesses during the robbery indicating the defendants were trying to locate the money as well as the statements by the defendant to stab and kill "him" provide additional support that Ward, Frederick, and Hunter consciously acted together in carrying out the armed robbery. See Commonwealth v. Sexton, 425 Mass. 146, 152 (1997).
b. Refreshed memory. The defendant contends that the judge abused his discretion when he allowed the Commonwealth over his objection to refresh Taylor's memory as to who she heard say, "stab him, stab him, kill him, kill him."
To establish that a judge abused his or her discretion in denying an objection to exclude testimony, a defendant must show that there was " 'a clear error of judgment in weighing' the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" (citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). During her direct testimony Taylor could not identify who had made the statement in question. On redirect examination Taylor admitted that she had been asked who had made this statement while testifying before the grand jury, that her memory was fresher when she testified before the grand jury, that her memory was presently exhausted as to which voice she could identify as making the statement and that reviewing her grand jury testimony would help refresh her recollection of who made the statement. After reviewing her grand jury testimony, Taylor identified the defendant as the one who said "stab him, stab him, kill him, kill him."
"A witness whose memory has been exhausted may have that memory refreshed in the presence of the jury by any means that permits the witness to testify from his or her own memory." Commonwealth v. Woodbine, 461 Mass. 720, 731 (2012). See Mass. G. Evid. § 612(a) (2017). In this case, we fail to discern any abuse of discretion by the judge.
Judgments affirmed.

The assault and battery by means of a dangerous weapon guilty verdict was filed, as it was subsumed in the assault and battery by means of a dangerous weapon causing serious bodily injury.

Molly is a form of ecstasy.

Connolly was indicted for accessory after the fact to armed robbery. Connolly entered into a cooperation agreement with the Commonwealth that resulted in the dismissal of the charge in exchange for her testimony against the defendants.